**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 4, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

—————————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CRAIG R. WALCOTT,

    Defendant - Appellant.

No. 25-1024
(D.C. No. 1:18-CR-00028-RM-1)
(D. Colo.)

—————————————————————

**ORDER AND JUDGMENT**[*]

—————————————————————

Before **HARTZ**, **EID**, and **ROSSMAN**, Circuit Judges.

—————————————————————

Craig Walcott, proceeding pro se,[1] appeals from the district court's denial of his petition for a writ of coram nobis challenging his conviction for tax evasion and his motion to alter or amend the order denying that petition. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Walcott proceeds pro se, we liberally construe his arguments, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

**I**

In 2018, Mr. Walcott was indicted for attempting to evade income tax, in violation of 26 U.S.C. § 7201, and failing to file an individual income tax return, in violation of 26 U.S.C. § 7203. After unsuccessfully challenging the district court's subject-matter jurisdiction to enforce a federal tax on an individual's income, he entered into a plea agreement and pleaded guilty to one count of attempting to evade income tax. The district court sentenced him to three years of imprisonment and three years of supervised release. Mr. Walcott did not appeal, but later he filed an unsuccessful 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence based on ineffective assistance of counsel.

In 2024, after he had served his terms of imprisonment and supervised release, Mr. Walcott again moved to vacate the judgment for lack of subject-matter jurisdiction. He asserted the judgment was void because to establish jurisdiction, the United States had to identify a specific taxing power authorized by the Constitution and the specific tax the charges were intended to enforce. He stated the record lacked a proper declaration of the foundation for the criminal charges against him, which he characterized as a "plain fatal error." R. vol. I at 254 (bold text and italics omitted). Under these circumstances, Mr. Walcott insisted, the court had to set aside his plea agreement and void the judgment.

The district court denied the motion in a minute order, stating that "[t]he purported grounds for the motion are tax protestor characterizations of the law and Constitution that are frivolous." *Id.* at 264. Noting Mr. Walcott had filed multiple

2

challenges to the court's jurisdiction during the proceedings against him, it adopted

its previous rulings by reference and concluded, "This Court's jurisdiction is and was

proper, legal and constitutional." *Id.*

Mr. Walcott then filed a motion to alter or amend[2] citing *Moore v. United*

*States*, which stated income taxes are indirect taxes authorized by Article I, § 8 of the

United States Constitution. 602 U.S. 572, 582-83 (2024). He asserted the United

States based its prosecution of him on the position that the federal income tax is a

non-apportioned direct tax under the authority of the Sixteenth Amendment as stated

in *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) ("[T]he sixteenth

amendment authorizes a non-apportioned direct income tax on United States citizens

throughout the nation, not just in federal enclaves."), and the district court

erroneously followed *Collins*. Arguing that *Moore* abrogated *Collins*, he asserted the

district court lacked subject-matter jurisdiction to prosecute him for tax evasion

because "the court does not possess the constitutional authority required to enforce a

'non-apportioned <u>direct</u> tax on income under authority of the 16th Amendment'."

R. vol. I at 268 (bolding and italics omitted).

The district court granted the motion to alter and amend but only to further

explain its decision to deny Mr. Walcott's motion for relief from his conviction. It

stated it had construed the earlier motion as a petition for a writ of coram nobis, and

---

[2] The motion cited Fed. R. Civ. P. 52(b), but because it was titled as a motion to alter or amend that was filed twenty-eight days after the order denying the motion for relief from Mr. Walcott's conviction, we construe it as a Fed. R. Civ. P. 59(e) motion.

"construed as a motion for coram nobis relief, the collateral challenge has been procedurally defaulted as it was not raised on direct appeal" or in Mr. Walcott's § 2255 motion. *Id.* at 304. In addition, it held, "coram nobis is an extraordinary remedy reserved for extraordinary cases. This is not such a case." *Id.* The district court observed Mr. Walcott had not cited *Moore* in his earlier motion, but "[n]othing in *Moore* invalidates the Internal Revenue Code generally, the provisions applicable to Walcott in the instant case, or the statute of conviction in the instant case." *Id.* at 305.

## II

In considering the denial of a petition for a writ of coram nobis, "we review the district court's factual findings for clear error, its rulings on questions of law de novo, and its ultimate decision to deny the coram nobis writ for abuse of discretion." *United States v. Lesane*, 40 F.4th 191, 196 (4th Cir. 2022); *see also United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) ("On appeal, we review *de novo* the question of whether a district judge applied the proper legal standard, but review the judge's ultimate decision to deny the writ for abuse of discretion."); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) ("We review de novo the district court's determination of legal issues in its denial of [the] petition for a writ of error coram nobis. However, we must uphold the district court's findings of fact unless they are clearly erroneous." (citation omitted)). We review the denial of a motion to alter or amend for abuse of discretion. *See Burke v. Regalado*, 935 F.3d 960, 1044 (10th Cir. 2019).

4

Mr. Walcott does not contest the district court's treatment of his motion to vacate as a petition for a writ of coram nobis. Although abolished in civil actions, the writ of coram nobis "retains its vitality in criminal proceedings," *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989), "provid[ing] a way to collaterally attack a criminal conviction for a person who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241," *United States v. Miles*, 923 F.3d 798, 802 (10th Cir. 2019) (ellipsis and internal quotation marks omitted). "Because the writ continues litigation after final judgment and exhaustion of other remedies, relief should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." *Klein*, 880 F.2d at 253 (internal quotation marks omitted). "The writ is available only to correct errors that result in a complete miscarriage of justice." *Id.* (internal quotation marks omitted).

But "[a]bsent those traditional grounds that have excused successive or abusive habeas petitions, a petition for coram nobis must be rejected if the claim was raised or could have been raised on direct appeal, through a § 2255 motion, or in any other prior collateral attack on the conviction or sentence." *Miles*, 923 F.3d at 804. Applying this rule, the district court held Mr. Walcott procedurally defaulted his arguments by failing to raise them on direct appeal or in his § 2255 motion. The record shows Mr. Walcott did not file a direct appeal. Nor did he include his jurisdictional arguments in his § 2255 motion. He fails to explain why he could not have raised his arguments in those proceedings. Accordingly, he has not shown the district court erred in concluding his arguments were procedurally defaulted.

5

In any event, we discern no error in the district court's conclusion that Mr. Walcott's subject-matter jurisdiction challenge lacked merit. Congress granted the district courts subject-matter jurisdiction over federal criminal offenses. *See* 18 U.S.C. § 3231; *United States v. Hopson*, 150 F.4th 1290, 1298 (10th Cir. 2025). Because Mr. Walcott was indicted with federal criminal offenses, namely, violations of 26 U.S.C. §§ 7201 and 7203, the district court had subject-matter jurisdiction. *Moore*, a civil case, upheld the constitutionality of the Mandatory Repatriation Tax. *See* 602 U.S. at 578. It does not undermine the district court's exercise of jurisdiction over this prosecution. *See United States v. Cromar*, No. 25-4002, 2025 WL 2502143, at *2-3 (10th Cir. Sept. 2, 2025) (unpublished) (rejecting *Moore*-based attack on the district court's jurisdiction in direct appeal of tax-related criminal convictions).

## III

We affirm the district court's judgment.

Entered for the Court

Veronica S. Rossman
Circuit Judge

6